# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN LANE, | ) |
| Plaintiff, | ) |
| vs. | ) 3:12-cv-00015-RCJ-VPC |
| WELLS FARGO BANK, N.A. et al., | ) ORDER |
| Defendants. | ) |

This is a standard foreclosure case involving one property. The Complaint filed in state court lists six causes of action: (1) Unfair Debt Collection Practices Under Nevada Revised Statutes ("NRS") section 649.370; (2) Unfair and Deceptive Trade Practices Under NRS sections 41.600 and 598.0923; (3) Breach of the Covenant of Good Faith and Fair Dealing; (4) Violation of NRS section 107.080; (5) Quiet Title; and (6) Fraud. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona and does not appear eligible for transfer. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has moved to dismiss and expunge the lis pendens. For the reasons given herein, the Court grants the motion to dismiss in part and denies it in part and denies the motion to expunge the lis pendens.

## I.   THE PROPERTY

Kevin Lane gave lender Wells Fargo a $1,295,000 promissory note secured by real property at 425 Crestview Dr., Stateline, NV 89449 (the "Property"). (Deed of Trust ("DOT") 1–3, Dec. 14, 2006, ECF No. 8, at 8). United Title of Nevada ("United Title") was the trustee, and MERS is not listed on the DOT. (*See id.* 2). Plaintiff obtained a home equity line of credit

("HELOC") of $55,000 against the Property from Wells Fargo. (*See* HELOC DOT 1–2, Dec. 15, 2006, ECF No. 8, at 28). Wells Fargo assigned the note and DOT to U.S. Bank National Association ("USBNA"), as trustee for a mortgage-backed security. (*See* Assignment, Aug. 2, 2011, ECF No. 8, at 48). USBNA substituted National Default Servicing Corp. ("NDSC") as trustee. (*See* Substitution, Oct. 21, 2011, ECF No. 8, at 51). NDSC filed the notice of default ("NOD") as agent for Wells Fargo based on a default on the DOT of $68,702.34 as of June 15, 2011. (*See* NOD, June 16, 2011, ECF No. 8, at 44). The foreclosure may therefore have been statutorily improper. *See* Nev. Rev. Stat. § 107.080(2)(c). A trustee's sale was scheduled for November 23, 2011 by NDSC. (*See* Notice of Trustee's Sale, Oct. 24, 2011, ECF No. 8, at 54).

## II.   ANALYSIS

First, Assembly Bill 284's ("AB 284") amendments to NRS Chapters 106 and 107 do not apply to this foreclosure. The only assignment was made before October 1, 2011, and the notice of default was also filed before that date. On May 20, 2011, the Governor approved Assembly Bill 284, which, *inter alia*, added the following conditions to a trustee's sale under NRS section 107.080(2)(c):

> The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of the election to sell or cause to be sold the property to satisfy the obligation; **which, except as otherwise provided in this paragraph, includes a notarized affidavit of authority to exercise the power of sale stating, based on personal knowledge and under the penalty of perjury:**
>
> **(1) The full name and business address of the trustee or the trustee's personal representative or assignee, the current holder of the note secured by the deed of trust, the current beneficiary of record and the servicers of the obligation or debt secured by the deed of trust;**
>
> **(2) The full name and last known business address of every prior known beneficiary of the deed of trust;**
>
> **(3) That the beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee is in actual or constructive possession of the note secured by the deed of trust;**

> (4) That the trustee has the authority to exercise the power of sale with respect to the property pursuant to the instruction of the beneficiary of record and the current holder of the note secured by the deed of trust;
>
> (5) The amount in default, the principal amount of the obligation or debt secured by the deed of trust, a good faith estimate of all fees imposed and to be imposed because of the default and the costs and fees charged to the debtor in connection with the exercise of the power of sale; and
>
> (6) The date, recordation number or other unique designation of the instrument that conveyed the interest of each beneficiary and a description of the instrument that conveyed the interest of each beneficiary.

Assemb. B. 284 § 9, 76th Leg., Reg. Sess. (Nev. 2011) (emphasis added). The emphasis in the above quotation indicates the added language. The amendments were originally to become effective on July 1, 2011, *see id.* § 15, and were to apply to all notices of default filed on or after that date, *see id.* § 14.5(4). However, on June 20, 2011, the Governor approved Assembly Bill 273, which amended the effective date of Assembly Bill 284 to October 1, 2011 and amended § 14.5 of the bill to provide that the amendments to NRS section 107.080 would apply only to notices of default filed on or after October 1, 2011. *See* Assemb. B. 273 § 5.9, 76th Leg., Reg. Sess. (Nev. 2011). Furthermore, Chapter 106 requires the recordation of any assignments of debt secured by a deed of trust before a trustee's sale may occur:

> Any assignment of a mortgage of real property, or of a mortgage of personal property or crops recorded prior to March 27, 1935, and any assignment of the beneficial interest under a deed of trust **must be recorded, in the office of the recorder of the county in which the property is located**, and from the time any of the same are so filed for record shall operate as constructive notice of the contents thereof to all persons. **A mortgage of real property, or a mortgage of personal property or crops recorded prior to March 27, 1935, which has been assigned may not be enforced unless and until the assignment is recorded pursuant to this subsection. If the beneficial interest under a deed of trust has been assigned, the trustee under the deed of trust may not exercise the power of sale pursuant to NRS 107.080 unless and until the assignment is recorded pursuant to this subsection.**

Assemb. B. 284 § 1, 76th Leg., Reg. Sess. (Nev. 2011) (emphases added). The emphasis in the above quotation indicates the added language. Like the amendments to NRS section 107.080,

the amendments to NRS section 106.210 were originally to go into effect on July 1, 2011. *See id.* § 15. However, Assembly Bill 273 changed the effective date of the amendment to October 1, 2011 and also amended the application of the recordation requirement to assignments made on or after October 1, 2011. *See* Assemb. B. 273 § 5.9, 76th Leg., Reg. Sess. (Nev. 2011).

Second, the foreclosure may have been statutorily improper in any case. NDSC filed the NOD not only before it became the trustee, but also before the assignee that eventually substituted it as trustee, USBNA, obtained the beneficial interest. Unless NDSC can show by affidavit or otherwise on summary judgment that it was in fact commanded to file the NOD on June 16, 2011 by then-beneficiary Wells Fargo, there will remain a genuine issue of material fact that NDSC was a stranger to the mortgage when it filed the NOD. NDSC's own statement of agency on behalf of Wells Fargo on the NOD is not sufficient. The Court will dismiss the other claims for reasons given in substantially identical cases but will not dismiss the claim for statutorily defective foreclosure or expunge the lis pendens.

Defendants, citing to an unpublished opinion of the Nevada Supreme Court, argue that the substitution of a trustee after the new trustee has already filed the notice of default is irrelevant. Defendants misread that case. In a footnote in *Foust v. Wells Fargo, N.A.*, the Nevada Supreme Court held that a substitution of trustee is not in-and-of-itself invalid so long as it conforms to the requirements delineated in the deed of trust and any relevant statutes governing its form and content, of which Nevada has none. *See* No. 55520, 2011 WL 3298915, at *2 n.5 (Nev. July 29, 2011). *Foust* makes no comment, even in dicta, as to the timing of the execution of a substitution of trustee with respect to the execution or recordation of a notice of default under a section 107.080 claim, which is at issue in the present case. *See id.* Finally, the *Foust* Court also recounted the familiar and ubiquitous rule that an assignment need not be recorded to be valid. *See id.* at *2 n.5. This rule is still valid under AB 284, although a trustee's sale may not occur until assignments made on or after October 1, 2011 are recorded.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED in part and DENIED in part. All claims are dismissed except that for statutorily defective foreclosure under NRS 107.080.

IT IS FURTHER ORDERED that the Motion to Expunge Lis Pendens (ECF No. 7) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of May, 2012.

_____
ROBERT C. JONES
United States District Judge